## EVERETT BURNHAM *vs.* CITY OF BOSTON.

If a travelled way, either public or private, over lots adjoining a public street in a city and leading into that street, for a long time before and after the existence of an excavation in the street, has been so much used by persons having occasion to pass as to become known as a common way for travel and to make it reasonably necessary for the city, in the exercise of due and proper care, to provide a barrier for the purpose of preventing travellers, who pass over such way from the adjacent lots into the street and use due care, from falling into the excavation, and the city have unreasonably omitted to erect such barrier, they are guilty of negligence and are liable for an injury happening to a traveller in the street by reason thereof.

TORT to recover damages for an injury sustained by the plaintiff by reason of a defective way.

At the trial in this court, before *Chapman,* J., it appeared that Third Street, Athens Street and Broadway in South Boston were all public streets which the defendants were bound to keep in repair, running parallel to each other, and crossed at right angles by A Street and by the location of the New York Central Railroad. About the year 1854 an excavation was made for the track of this railroad, which was crossed by a bridge at Third Street and left open at Athens Street. Soon after the excavation was made, a fence was put across Athens Street about fifteen feet from the upper edge of the embankment, which has remained there ever since. Athens Street is twenty feet in width and was smooth and level throughout its whole width except between the fence and the excavation, where a gully was washed out.

On a night in February 1862 the plaintiff took a close carriage in Boston to be driven to his home on Broadway in South Boston. The driver proceeded to the corner of A and Third Streets, then on Third Street to a point near the railroad bridge, then across private lots lying between Third Street and Athens Street, and on a level with them, for the purpose of going to Broadway by a route which crossed Athens Street near the excavation for the railroad; and as he was crossing Athens Street, at that point the carriage was precipitated into the excavation, and the plaintiff suffered a very severe injury. There was evidence upon the question whether the owners of the lots had or had not dedicated the travelled way across the same to the public. The plaintiff did not contend that a highway had ever been laid out from Third Street to Athens Street, and only two questions were argued, namely, whether the driver used due care, and whether a way had been dedicated to the public, so that the city were bound to close it at Athens Street or give notice that it was dangerous, according to *St.* 1846, *c.* 203.

The judge instructed the jury that if the owners of the lots had dedicated a highway to the public from Third Street to Athens Street, at the point where the plaintiff's carriage entered Athens Street, the defendants would be liable, because it was not denied that Athens Street was in a dangerous condition at that point, or pretended that the city had erected a fence there, or in any way closed the dedicated way or given notice that it was dangerous. He also instructed them upon what is necessary to constitute a dedication to the public; and added that if there had been no dedication of this way the defendants were not liable to the plaintiff; that it was admitted by the plaintiff that the fence across Athens Street was sufficient to prevent persons who were travelling on the street towards the railroad from falling into the excavation; and though the defendants were bound to protect such travellers by closing up the defective part of the street, they were not bound to protect travellers coming upon the street within the inclosed part of it where the dangerous place existed; and that when a part of a street is closed up because it is dangerous, the city are not bound to close it laterally against

parties who may enter upon the dangerous part from private lots that adjoin it.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*G. A. Somerby*, for the plaintiff.

*J. P. Healy*, for the defendants, cited *Sparhawk* v. *Salem*, 1 Allen, 30 ; *Smith* v. *Wendell*, 7 Cush. 498; *Shepardson* v. *Colerain*, 13 Met. 55.

BIGELOW, C. J. This case was submitted to the jury under instructions which seem to have been carefully considered by the learned judge before whom the trial was had. With one exception, they were in all respects accurate and well adapted to the facts in evidence. But, upon mature deliberation, the majority of the court are of opinion that they embraced one element which ought to have been excluded.

The plaintiff's right to recover was made to depend on proof of the fact that a way across the land lying between Athens and Third Streets had been dedicated to the public, and the jury were told that unless such dedication was proved the city could not be held liable in this action. This, we think, put a limitation on the liability of the defendants not warranted by the rules of law. The instruction assumed that where a defect exists in a highway it is in all cases a sufficient exercise of due and reasonable care on the part of the city or town to place barriers or to prevent by other means the use of that portion of the way where the defect exists, by persons who enter upon the way from intersecting streets, or who pass over it in the line of direct travel, and that no action will lie for damages occasioned to those who enter on the way from adjacent lands over which there is no public way.

As a general proposition, without qualification, this instruction cannot be supported. It rests on a postulate which is inconsistent with the well established rule of law, that a city or town is liable for injuries done to any person using a public way with due and reasonable care. Certainly it cannot be said that it is *per se* negligence for a person to enter from adjoining houses or lands on a defective and dangerous part of a way, who has no

knowledge of the defect or want of repair, nor any notice that it had been closed against public travel by barriers erected in another place to prevent the use of the way by those coming upon it either in the line of direct travel or from intersecting streets. Nor can it be maintained that a city or town would in all cases fulfil the duty incumbent on it by law by merely placing barriers across a street or way to protect travellers from injury by an existing defect or want of repair, without adopting any measures to guard against accident to those who might have occasion lawfully to come on the dangerous portion of the way from private lands adjoining and lying within the limits which were closed against travellers approaching in other directions. Doubtless in many cases it would be a proper exercise of due and reasonable care to place a single barrier across a way or street which was defective and dangerous, sufficient to stop persons from passing over it by the usually travelled path. Such a precaution, for example, would be an adequate protection against accident on a highway in the country, which was not wrought for travel throughout its entire limits, or in places where the adjoining lands were so fenced by the owners or natural obstacles were so interposed that access to the way laterally was either unusual or difficult. But a very different standard of diligence would be applicable where a way or street was within the limits of a populous city or town, and was prepared for travel and actually used in every part, and to which constant access was had from private ways over lands of adjacent proprietors, entering it at the side. The truth is, that due and reasonable care cannot be defined by any abstract proposition which will be appropriate and applicable to every case which may arise. It must necessarily vary with the circumstances under which the duty of exercising it is imposed. Nor is there any positive rule of law which requires a person to enter on a highway in any particular manner or at any fixed place, or which prescribes the exact mode in which he shall travel upon it. The right of a traveller to use it, and the duty of a city or town to protect him from danger and accidents, are regulated and measured by a like standard. Each must use such reasonable care as is adapted to the time, place and

circumstances under which the right is to be exercised and the duty performed.

Applying this familiar principle to the case at bar, it is apparent that the instructions were too restricted in their application to the facts in proof, and did not state with sufficient clearness and accuracy the duty which devolved on the defendants. The evidence offered by the plaintiff tended to prove that the lots adjacent to that part of Athens Street which was defective and dangerous were on a level with the street, and that by license or acquiescence of the owners of these lots there was much public travel which passed over them, entering from Third Street and coming out on Athens Street, in the immediate vicinity of a deep excavation in the latter street, into which the plaintiff was precipitated. The plaintiff was guilty of no unlawful act in passing across these lots and in entering from them into the street. If it was known to the defendants that a large amount of public travel came from these lots and entered Athens Street laterally, so that, after coming within the limits of the street, a person using due care was exposed to the risk of accident in consequence of such defect, then it was incumbent on them to take suitable measures to protect travellers so entering the street in like manner as they had done to guard against injury to those who came in other directions towards the place where the defect existed. It was immaterial whether travellers entered the street and were lawfully upon it by passing over private or public ways. In either case it was the duty of the defendants to take reasonable care to keep the way safe and convenient. It was not therefore correct to say, without qualification, that the city was not bound to use any measures to guard against injury to those who came upon the street from a private way over adjacent lots, upon that portion which was inclosed by barriers. The proper direction to the jury on this part of the case, as applied to the facts in proof, would have been to instruct them that if there was a travelled way, either public or private, over lots adjoining Athens Street and leading into that street, which, for many years previously to the existence of the defect, and subsequently, was so much used by persons having occasion to pass

there in carriages as to become known as a common way for travel, and to render it reasonably necessary for the city, in the exercise of due and proper care, to provide a railing or barrier in Athens Street at the place where the accident happened, for the purpose of preventing a traveller coming over such way from adjacent lots, and using due and reasonable care, from falling into the excavation in the street, and if the city unreasonably omitted to erect such barrier or railing, they were guilty of negligence, and the plaintiff would be entitled to recover in this action the damages which he had suffered by reason of such neglect. In this view, the question of the dedication of the way was wholly immaterial to the issue before the jury. The right of the plaintiff to recover did not depend upon it. Inasmuch as it was made an essential element in the plaintiff's case by the instructions under which the case was submitted to the jury, we are of opinion that there was a mistrial, and that the case must go back to be again tried under instructions substantially like those hereinbefore stated. *Exceptions sustained.*